## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ARTHUR HUGHES,

        Plaintiff,

        v.

GOLDEN VALLEY ELECTRIC
ASSOCIATION, INC., *et al.*,

        Defendants.

Case No. 4:26-cv-00011-SLG

## ORDER ON PENDING MOTIONS

Before the Court are the following seven pending motions, all of which are addressed in this order. Oral argument was not requested and was not necessary to the Court's determination.

1.      At Docket 5 is Plaintiff Arthur Hughes's Motion to Remand,[1] to which Defendants Golden Valley Electric Association, Inc. and Reagan Russell[2] (together, "GVEA") responded in opposition at Docket 15.[3] No reply was filed.

2.      At Docket 10 is Plaintiff's Motion to Withdraw First Amended Complaint, to which GVEA responded in opposition at Docket 17, joined by

---

[1] Plaintiff filed an accompanying Plaintiff's Memorandum in Opposition to Removal and in Support of Motion to Remand and Request for Relief at Docket 6.

[2] Reagan Russell is employed at GVEA as GVEA's Chief Human Resources Officer. Docket 2-1 (Compl.) at 7, ¶ 6.

[3] IBEW joined GVEA in opposition to Plaintiff's motion at Docket 5. Docket 22 at 1 n.1.

Defendant International Brotherhood of Electrical Workers Local 1547 ("IBEW") at Docket 22. No reply was filed.

3. At Docket 11 is Plaintiff's Motion for Immediate Remand on Threshold Procedural Grounds, to which GVEA responded in opposition at Docket 16.[4] No reply was filed.

4. At Docket 14 is Plaintiff's Motion to Strike. No response was filed.

5. At Docket 20 is Plaintiff's Motion for Protective Order Excluding Evidence and Argument Relating to Marijuana Use and Drug Testing, to which GVEA responded in opposition at Docket 25. Plaintiff replied at Docket 26. IBEW responded in opposition to Plaintiff's Motion at Docket 27, to which Plaintiff replied at Docket 29.

6. At Docket 28 is IBEW's Motion to Dismiss for Failure to State a Claim, joined by GVEA at Docket 32. Plaintiff responded in opposition to IBEW at Docket 30 and to GVEA at Docket 34, respectively. IBEW replied at Docket 33, to which Plaintiff filed a sur-reply at Docket 36.[5] GVEA did not reply to Plaintiff's opposition.

7. At Docket 35 is Plaintiff's Request for Judicial Notice of State Court Docket Entry in Support of Motion for Immediate Remand at Docket 11.

---

[4] GVEA's filing at Docket 16 incorporates by reference all arguments and evidence provided to the Court in its Opposition to Plaintiff's Motion to Remand. *See* Docket 15. IBEW joined GVEA in opposition to Plaintiff's motion at Docket 16. Docket 22 at 1 n.1.

[5] While Plaintiff did not seek leave prior to filing his sur-reply, the Court has considered Plaintiff's sur-reply in deciding the pending motions.

## BACKGROUND

Beginning in 2005, Plaintiff, a member of the local IBEW, worked at GVEA as a seasonal line clearance tree trimmer and foreman.[6] As part of his job, Plaintiff held a Class A Commercial Driver's License ("CDL"), arborist certification, and herbicide application certification.[7] Plaintiff was required to endorse GVEA's Administrative Manual ("Manual") when he returned to work each season.[8]

Under the Manual, Plaintiff was subject to two separate drug-testing policies: (1) a GVEA drug-testing policy for its employees; and (2) the Department of Transportation ("DOT")-regulated drug testing policy for all CDL holders.[9] Plaintiff alleges that "'[r]easonable suspicion'"-based testing "is not among the enumerated circumstances described in" "DOT policies and procedures related to the organization[']s drug-testing regime" governing observed specimen collection.[10]

On June 5, 2025, GVEA ordered Plaintiff to undergo a reasonable suspicion-based observed urine collection.[11] Plaintiff's Complaint does not allege why GVEA decided to perform a drug test on him that day. Plaintiff requested to see the policy that authorized the observed urine collection based on reasonable suspicion, but

---

[6] Docket 2-1 at 7, ¶ 8; Docket 2-1 at 9, ¶ 31.

[7] Docket 2-1 at 7, ¶ 10.

[8] Docket 2-1 at 7, ¶ 9.

[9] Docket 2-1 at 8, ¶ 12 (citing 49 C.F.R. § 40.13).

[10] Docket 2-1 at 8, ¶¶ 13–15; 49 C.F.R. § 40.67.

[11] Docket 2-1 at 8, ¶ 17.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 3 of 29

Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 3 of 29

GVEA failed to produce any such authority, and nonetheless transported Plaintiff to the drug testing facility.[12]

At the testing facility, Plaintiff stated he would consent to an unobserved urine collection, but refused to undergo an observed collection.[13] Plaintiff maintains that "observed collection is permitted only under enumerated circumstances: return-to-duty testing, follow-up testing, or when a collected specimen shows actual evidence of tampering."[14] Plaintiff refused to undergo the observed collection unless he was shown documents that authorized it.[15] Ultimately, no urine specimen was collected.[16]

Later that day, Plaintiff attended a termination meeting with an IBEW representative, GVEA Operations Manager Mike Nicholson, and GVEA Chief Human Resources Officer Defendant Russell.[17] Plaintiff alleges that at that meeting, "GVEA management reviewed the [Manual] and acknowledged it did not

---

[12] Docket 2-1 at 8, ¶¶ 12–22.

[13] Docket 2-1 at 8, ¶¶ 18–19.

[14] Docket 2-1 at 8, ¶ 14 (citing 49 C.F.R. § 40.67).

[15] Docket 2-1 at 9, ¶¶ 26, 28.

[16] Docket 2-1 at 9, ¶ 28.

[17] Docket 2-1 at 9–10, ¶¶ 31, 34–35.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 4 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 4 of 29

authorize observed collection for non-DOT reasonable suspicion testing."[18] GVEA terminated Plaintiff because he refused to take the observed collection test.[19]

On June 10, 2025, IBEW submitted a grievance to GVEA on behalf of Plaintiff alleging that GVEA violated the collective bargaining agreement ("CBA") by terminating Plaintiff after he refused to take the reasonable suspicion-based controlled substance test and failing to provide him with documents to support that testing.[20]

On June 13, 2025, GVEA issued a supplemental termination letter, which Plaintiff alleges falsely accused him of "dishonesty" regarding his allegations that he was not presented regulatory documents regarding testing at the June 5, 2025 termination hearing.[21] Plaintiff alleges that he "truthfully stated he had not seen any relevant document," yet this "statement was later used by [GVEA] as a pretext" for the supplemental termination letter accusing Plaintiff of "dishonesty."[22] In the June 13 letter, GVEA alleged that Plaintiff threw these documents in the trash following the termination meeting on June 5.[23] But Plaintiff maintains the

---

[18] Docket 2-1 at 9, ¶ 29.

[19] Docket 2-1 at 9, ¶ 30.

[20] Docket 28-2 at 1; *see also* Docket 2-1 at 10, ¶¶ 42–43. The Court notes that Plaintiff's Complaint does not state when IBEW filed the grievance on his behalf.

[21] Docket 2-1 at 17, ¶¶ 84–86.

[22] Docket 2-1 at 10, ¶ 40.

[23] Docket 2-1 at 17–18, ¶¶ 84, 87.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 5 of 29

documents he discarded "confirmed Hughes's position rather than contradicted it" about "reasonable-suspicion based testing."[24] Plaintiff also asserts that he "was never given notice nor opportunity for: participation[,] providing a statement providing a witness's statement[,] or replying to the supplemental termination finding."[25]

On January 8, 2026, Plaintiff initiated this action against Defendants in state court.[26] The Complaint alleges five counts against GVEA and Ms. Russell: breach of employment contract, bad faith termination in violation of public policy, breach of the implied covenant of good faith and fair dealing related to post-termination conduct, sexual harassment and hostile work environment, and defamation.[27] The Complaint alleges one count against IBEW: breach of the duty of fair representation.[28]

On January 22, 2026, IBEW filed an Entry of Appearance in the state court, and on January 23, 2026, filed a motion for an extension of time to file its answer.[29]

---

[24] Docket 2-1 at 18, ¶ 87.

[25] Docket 2-1 at 10, ¶ 41.

[26] Docket 2-1 (Compl.) at 6–22.

[27] Docket 2-1 at 12-20, ¶¶ 49–106.

[28] Docket 2-1 at 20-21, ¶¶ 107–114.

[29] Docket 2-1 at 23; Docket 2-1 at 26.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 6 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 6 of 29

On February 2, 2026, Plaintiff filed a motion for leave to file a First Amended Complaint along with a proposed First Amended Complaint ("FAC") in the state court.[30]

On February 9, 2026, GVEA removed the matter to this Court pursuant to 28 U.S.C. § 1441, and asserted this Court had federal question jurisdiction based on § 301 of the Labor Management Relations Act ("LMRA") of 1947.[31] The following day, IBEW filed a Notice of Consent to Removal.[32]

## LEGAL STANDARDS

### I.      Removal and Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the appropriate federal district court when that district court has original jurisdiction.   Original jurisdiction in civil cases generally arises from diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.

"The plaintiff is 'the master of the complaint,' and therefore controls much

---

[30] Docket 2-1 (First Am. Compl.) at 47–80.

[31] Docket 2 at ¶¶ 3–4; 28 U.S.C. § 1331; 29 U.S.C. § 185.  Plaintiff alleges that Defendants removed this case on February 6, 2026. Docket 10 at 2.  This order will consider February 9, 2026 as the date of removal, as reflected in the Court's docket.

[32] Docket 9 at 1; *see* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 7 of 29

Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 7 of 29

about [his] suit."[33]  "If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one[.] . . . So changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction."[34]

Pursuant to 28 U.S.C. § 1446, a defendant seeking removal must file "a short and plain statement of the grounds for removal" within 30 days after receipt or service.  The removal statute is "strictly construed" against removal and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[35]  Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.

---

[33] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987)); *see also id.* ("[A plaintiff] gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction.").

[34] *Id.* at 35–36.

[35] *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) (internal quotation marks omitted) (first quoting *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); and then quoting *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 8 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 8 of 29

## II.    Rule 12(b)(6) and Rule 8(a)

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[36]  If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6).[37]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[38] A plaintiff is not required to prove his case in the complaint, but a complaint must "state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'"[39]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]

When deciding a Rule 12(b)(6) motion, a court considers only the complaint, materials incorporated into the complaint by reference, and matters on which a court has taken judicial notice.[41]  "In determining the propriety of a Rule 12(b)(6)

---

[36] Fed. R. Civ. P. 8(a).

[37] Fed. R. Civ. P. 12(b)(6).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[39] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

[40] *Iqbal*, 556 U.S. at 678.

[41] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 9 of 29

Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 9 of 29

dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[42]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[43] However, "leave may be denied if amendment of the complaint would be futile."[44] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[45]

## DISCUSSION

### I.      Motion for Judicial Notice

At Docket 35, Plaintiff filed a motion asking the Court to take judicial notice of a screenshot of a February 2, 2026 entry in the state court docket stating: "LODGED: First Amended Complaint [Pending M#3]."[46] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's

---

[42] *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citations omitted).

[43] Fed. R. Civ. P. 15(a).

[44] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[45] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[46] Docket 35 at 2; *see* Docket 35-1 at 1.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 10 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 10 of 29

proof, of a well-known and indisputable fact; the court's power to accept such a fact."[47]

Plaintiff asserts that the "LODGED" marking on the state court docket sheet supports his proposition that the FAC was not the operative Complaint at the time of removal.[48] While the Court does not adopt Plaintiff's reasoning,[49] pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the screenshot of the Alaska Trial Court's docket filed here at Docket 35-1.

## II. Motion to Withdraw First Amended Complaint (Docket 10)

On February 11, 2026, promptly after this action was removed to the district court, Plaintiff filed a Motion to Withdraw First Amended Complaint at Docket 10. According to Plaintiff, because the state court had not granted his motion for leave to file the FAC at the time at the time of removal, the "original Complaint - the only pleading ever acted upon by a court - should be recognized as the sole operative

---

[47] Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal citations and quotation marks omitted)). Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[48] Docket 35 at 2; *see also* Docket 6; Docket 11.

[49] Alaska R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."); *see also* Fed. R. Civ. P. 15(a)(1)(A).

complaint."[50]  As relief, Plaintiff seeks an order from this Court to "deem the First Amended Complaint inoperative."[51]

In its opposition, GVEA asserts that the FAC became the operative pleading when it was filed in state court and served on the parties.[52]  GVEA reasons that "[t]he state court does not 'accept' an amended complaint by discretionary order when the amendment is filed as a matter of course."[53]  GVEA also points to the fact that the state court documents (Plaintiff's Motion for Leave to File First Amended Complaint, proposed Order, and the proposed FAC) are all digitally-stamped with "Received in the Alaska Trial Courts on 02/02/2026" before removal occurred.[54]  And GVEA contends that the FAC's certificate of service states that the FAC was served on counsel on February 1, 2026, also before the case was removed.[55]

GVEA is correct that under the Alaska rule in effect when the FAC was submitted to the state court, Plaintiff did not need to file a motion to amend.[56]

---

[50] Docket 10 at 5. Plaintiff filed a copy of an order issued by the state superior court dated February 19, 2026, which purports to grant the motion to file the FAC, but the state court's order was entered after the case had been removed to federal court. *See* Docket 19-2 at 1–2.

[51] Docket 10 at 2.

[52] Docket 15 at 6; *see also* Docket 17 (incorporating the arguments set forth in Docket 15 by reference).

[53] Docket 15 at 7 (citing Alaska R. Civ. P. 15(a)).

[54] Docket 15 at 6–7 (citing Docket 2-1 (First Am. Compl.) at 47)).

[55] Docket 15 at 7 (citing Docket 2-1 at 40).

[56] Docket 15 at 6–8; *see* Alaska R. Civ. P. 15(a).

Rather, because no responsive pleading had yet been filed by any Defendant, Plaintiff had the right to file his First Amended Complaint as a of matter of course.[57]

That being said, the Ninth Circuit has instructed that courts must "construe *pro se* filings liberally" and afford them the benefit of any doubt.[58] And Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has held that "this policy is to be applied with extreme liberality."[59] "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend."[60] However, "[n]ot all of the factors merit equal weight"; in the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight."[61] And "[a]bsent prejudice, or a strong showing of any of the

---

[57] Alaska R. Civ. P. 15(a).

[58] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, Plaintiff's filings must follow the proper procedure as required by the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

[59] Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[60] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and internal quotation marks omitted).

[61] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 13 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 13 of 29

remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[62]

As set forth above, "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about [his] suit."[63]  Here, Plaintiff seeks to proceed on his original Complaint, not his proposed First Amended Complaint and there appears to be no prejudice to the opposing parties in permitting him to do so.  Accordingly, Plaintiff's Motion to Withdraw First Amended Complaint at Docket 10 is **GRANTED** and the Court will consider the original Complaint as the operative Complaint.

### III.      Motion to Strike

On February 17, 2026, GVEA filed its Answer to Plaintiff's FAC.[64]  At Docket 14, Plaintiff seeks a Court order striking GVEA's Answer to the FAC "as premature and in violation of this Court's Order of February 10, 2026."[65]

Because the Court has granted Plaintiff's motion to withdraw his FAC, Plaintiff's motion to strike GVEA's Answer to that FAC is **GRANTED** because it is now immaterial.  GVEA's Answer at Docket 12 is **STRICKEN**.[66]

---

[62] *Id.* (emphasis in original) (citation omitted).

[63] Docket 19 at 3; *Royal Canin*, 604 U.S. at 35 (quoting *Caterpillar*, 482 U.S. at 398–399).

[64] Docket 12.

[65] Docket 14 at 2 (citing Docket 7); *see* Docket 12 (GVEA's Answer to First Am. Compl.).

[66] *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 14 of 29

## IV.     Motion for Protective Order

Plaintiff seeks a "protective order precluding Defendants from introducing, referencing, or relying upon any evidence, testimony, or argument concerning [Plaintiff's alleged] marijuana use or the drug test that formed the stated basis for his termination" because (1) pursuant to Federal Rule of Evidence 403, its probative value is substantially outweighed by a danger of unfair prejudice; and (2) pursuant to Federal Rule of Evidence 401, this evidence is not relevant to the claims and defenses of this case.[67]

GVEA responds that this motion "is procedurally defective, premature, and substantively unfounded."[68]  And IBEW disagrees with Plaintiff's contention that the evidence related to Plaintiff's alleged marijuana use is irrelevant.[69]

The Court agrees with GVEA that Plaintiff's motion for protective order is premature.  Plaintiff's motion is akin to a motion *in limine*, a "procedural mechanism

---

Contrary to Plaintiff's assertion in Docket 14, GVEA did not violate the Court's order at Docket 7. GVEA complied with the Order to Petitioner Subsequent to Removal as GVEA then filed its Notice of Filing Parties' Service List and Notice of Filing Additional Records from State Court within the applicable timeframe set forth in the order. *See* Docket 13; Docket 18.

[67] Docket 20 at 2.  While Plaintiff does not cite to the Federal Rules of Evidence, the Court construes Plaintiff's argument as one pursuant to Rules 401 and 403.

[68] Docket 25 at 2.  IBEW's opposition raises substantially similar arguments. *See* Docket 27 at 1–2 ("The Union agrees with the arguments and points raised by GVEA. Rather than reiterate GVEA's well-reasoned arguments, the Union writes separately to further emphasize why evidence of Plaintiff's marijuana use is critical to both Defendants' defenses.").  Plaintiff's two reply briefs primarily concern the substantive merits of his motion and does not address the procedural arguments raised by GVEA. *See* Docket 26 at 2; Docket 29 at 2–3.

[69] Docket 27 at 2.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 15 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 15 of 29

to limit in advance testimony or evidence in a particular area."[70]  Such motions are "useful tools to resolve issues which would otherwise clutter up the trial."[71]

Here, Plaintiff's motion is premature because such rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."[72]  If this case proceeds to trial, the Court will set a deadline for the filing of motions *in limine* after the resolution of any dispositive motions.  The Court need not address the parties' arguments as they relate to the Federal Rules of Evidence at this time.  Accordingly, Plaintiff's Motion for Protective Order Excluding Evidence and Argument Relating to Marijuana Use and Drug Testing at Docket 20 is **DENIED** as premature.

## V.        Motions to Remand

Plaintiff filed his first motion to remand on February 9, 2026, and his second motion to remand on February 11, 2026.[73]  Although successive motions on the same topic are improper, the Court has considered the arguments in both motions.

As an initial matter, the Court disagrees with Plaintiff's contention that removal was defective because IBEW "did not join in or consent to the removal."[74]

---

[70] *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

[71] *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (citation omitted).

[72] *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016) (citation omitted).

[73] Docket 5; Docket 11.

[74] Docket 6 at 4 (citing 28 U.S.C. § 1446(b)(2)(A)).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 16 of 29

Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 16 of 29

On February 10, 2026, one day after removal, IBEW filed its Notice of Consent to Removal.[75] There was no unanimity defect in Defendants' removal.[76]

While Defendants' briefing is focused on the FAC, the original Complaint is now the operative complaint, so the Court considers Defendants' arguments against remand as they relate to the original Complaint. The original Complaint contains one count against IBEW, Claim VI, a breach of the duty of fair representation ("DFR claim").[77] Defendants assert that this case should not be remanded because this Court has jurisdiction, as a DFR claim arises under federal law, and specifically, under the National Labor Relations Act ("NLRA").[78]

All of the claims against GVEA and Defendant Russell appear to be state law claims that do not implicate 28 U.S.C. § 1331, federal question jurisdiction. Although Count I contains allegations referencing 49 C.F.R. § 40.13 and 49 C.F.R. § 40.67, two federal regulations, Count I is a state law breach of employment

---

[75] Docket 9 at 1; *see* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

[76] 28 U.S.C. § 1446(b)(2)(A). The Court declines to address Plaintiff's remaining procedural arguments that GVEA did not attach the CBA or cite specific CBA provisions and that GVEA's JS-44 cover sheet mischaracterizes the case. *See* Docket 6; Docket 11.

[77] Docket 2-1 at 20–21, ¶¶ 107–114; *see* Docket 2-1 at 21, ¶ 113 ("As a result[,] Hughes was deprived of his contractual right to arbitration.").

[78] Docket 15 at 8–9, 10–11.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 17 of 29

Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 17 of 29

contract claim.[79] Count II is a state law claim on the basis of the privacy provision of the Alaska Constitution and Alaska's public-policy wrongful-termination doctrine.[80] Count III is also a state law claim under Alaska's implied covenant of good faith and fair dealing.[81] Count IV, "Sexual Harassment / Hostile Work Environment," appears to be a state tort law claim for the intentional infliction of emotional distress.[82] And Count V, defamation, is plainly a state law claim.[83]

GVEA asserts that "[b]ecause Plaintiff pleads (and affirmatively argues) a DFR claim against IBEW in . . . the original Complaint . . . federal-question jurisdiction exists regardless of any dispute about which pleading is 'operative.'"[84]

Count VI, the DFR claim against IBEW, contains the following allegations:

108. IBEW owed Hughes a duty of fair representation requiring it to represent him without arbitrariness, discrimination, or bad faith.

---

[79] Docket 2-1 at 12–14, ¶¶ 49–61; *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.") (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345–47 (9th Cir. 1996)).

[80] Alaska Const., art. I, § 22; *Knight v. American Guard & Alert, Inc.*, 714 P.2d 788 (Alaska 1986).

[81] *Revelle v. Marston*, 898 P.2d 917 (Alaska 1995); *Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220 (Alaska 1992).

[82] *See* Docket 2-1 at 17, ¶ 82 ("As a result of Defendants' conduct, Plaintiff suffered humiliation, emotional distress[,] and the loss of the protections reasonably expected when raising concerns to human-resources leadership. Hughes is entitled to actual and compensatory damages from GVEA and Russell.").

[83] *French v. Jadon, Inc.*, 911 P.2d 20 (Alaska 1996).

[84] Docket 15 at 9.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 18 of 29

Case 4:26-cv-00011-SLG   Document 40   Filed 08/07/26   Page 18 of 29

109. GVEA's own management admitted the [Manual] did not authorize observed collection. A union representative was present at the termination meeting and witnessed this admission.

110. With a union representative witness to GVEA's admission, concluding Hughes's grievance lacked merit and failing to pursue arbitration was unreasonable denial.

111. Following termination[,] GVEA's HR department issued a written finding that Hughes was dishonest. This finding was produced without providing Hughes notice or opportunity to respond. The finding was published to IBEW's arbitration committee.

112. The dishonesty finding was itself an act of employer bad faith— a post-termination proceeding conducted without notice to Hughes or opportunity to defend. IBEW's duty of fair representation required it to recognize and challenge this abuse. IBEW failed to do so.

113. As a result[,] Hughes was deprived of his contractual right to arbitration.[85]

Count VI states a federal law claim against IBEW. "The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit."[86] "The duty of fair representation is different. It has 'judicially evolved,' . . . as part of federal labor law—predating the prohibition against unfair labor practices by unions in the 1947 LMRA."[87] "The duty

---

[85] Docket 2-1 at 20–21, ¶¶ 108–114.

[86] *Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir. 1985).

[87] *Breininger v. Sheet Metal Workers Int'l Ass'n Loc. Union No. 6*, 493 U.S. 67, 79 (1989) (quoting *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 301 (1971)).

of fair representation, unlike state tort and contract law, is part of federal labor policy."[88]

"Federal courts have jurisdiction to hear fair representation suits whether or not they are accompanied by claims against employers."[89] Plaintiff cites to *Vaca v. Sipes* for the proposition that IBEW's alleged "failures do not create federal jurisdiction" but rather "create liability under *Vaca* . . . which expressly held that duty of fair representation claims [may be adjudicated] in state court."[90] As a general matter, Plaintiff is correct that state courts, as courts of general jurisdiction, may hear DFR claims.[91] By contrast "[f]ederal courts 'are all of limited jurisdiction[.]'"[92] However, Plaintiff misapplies *Vaca*. There, the Supreme Court held that state and federal courts may each exercise jurisdiction over DFR claims;

---

[88] *Breininger*, 493 U.S. at 79; *see also United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63 (1981) ("[T]he unfair representation claim made by an employee against his union . . . is more a creature of 'labor law' as it has developed . . . than it is of general contract law.").

[89] *Breininger*, 493 U.S. at 83.

[90] Docket 6 at 10 (citing 386 U.S. 171, 177 (1967)).

[91] *See Pursche v. Matanuska-Susitna Borough*, 371 P.3d 251, 253 (Alaska 2016) (alteration in original) (quoting Alaska Stat. § 22.10.020(a)) ("Under Alaska law '[t]he superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters.'").

[92] *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 428 (2026) (quoting *Kempe's Lessee* v. *Kennedy*, 5 (Cranch) 173, 185 (1809) (Marshall, C.J.)).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 20 of 29

the fact that a DFR claim can proceed in state court does not mean that this Court does not also have subject matter jurisdiction to hear a DFR claim.[93]

GVEA correctly observes that "if at least one claim 'arises under' federal law," "the Court may exercise supplemental jurisdiction over related state law claims that form part of the same case or controversy."[94] Having found that that the Court has subject matter jurisdiction over the DFR claim, the Court may exercise supplemental jurisdiction over the five related state-law claims against GVEA which form part of the same case or controversy.[95]

Accordingly, Plaintiff's Motions for Remand at Docket 6 and at Docket 11, based on the operative original Complaint, are both **DENIED**.[96]

## VI.     Motion to Dismiss

At Docket 28, IBEW moves to dismiss the Complaint against it, which as noted above, is as to Count VI.

### a.     Incorporation by Reference

---

[93] *See Breininger*, 493 U.S. at 83 (quoting *Tunstall v. Locomotive Firemen & Enginemen*, 323 U.S. 210, 213, (1944) ("We have always assumed that independent federal jurisdiction exists over fair representation claims because the duty is implied from the grant of exclusive representation status, and the claims therefore 'arise under' the NLRA.")).

[94] Docket 15 at 6 (citing 28 U.S.C. § 1367(a)).

[95] *See* 28 U.S.C. § 1367(a).

[96] Plaintiff may file a renewed motion to remand if Plaintiff chooses to withdraw Count VI and proceed solely against GVEA on Counts I through V. *See Royal Canin*, 604 U.S. at 25–26 ("When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.").

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 21 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 21 of 29

IBEW requests that the Court consider a June 30, 2025, grievance denial letter from GVEA when evaluating its motion to dismiss.[97]  The letter, referencing "Grievance Log No. GVEA-2025-06-10_001 GVEA Right-of-Way Maintenance Agreement," was sent from GVEA's Chief Operating Officer to Naomi Hewitt, IBEW's Business Representative.[98]  IBEW asserts that the June 30, 2025 letter should be incorporated by reference in ruling on its motion to dismiss because "Plaintiff refers extensively to the letter throughout his complaint, and it forms the basis of his claim that the Union acted arbitrarily by failing to escalate his grievance after the employer's denial."[99]

Plaintiff does not address whether this Court should consider this June 30, 2025 in his opposition briefs.[100]  However, Plaintiff acknowledges that IBEW filed a grievance on his behalf.[101]

When deciding a Rule 12(b)(6) motion, a court considers only the complaint, materials incorporated into the complaint by reference, and matters on which a

---

[97] Docket 28 at 4, n.4 (first citing Docket 28-1 (Decl. of Naomi Hewitt) at ¶ 2; and then citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)); *see* Docket 28-2.

[98] Docket 28-2 at 1, 3.

[99] Docket 28 at 4, n.4.  While IBEW's motion to dismiss was with respect to the FAC, the Court will consider IBEW's arguments as applied to Plaintiff's original Complaint.

[100] *See generally* Docket 30, Docket 34, Docket 36, Docket 37.  While Plaintiff does discuss incorporation of facts into a Complaint, he does so in a different context. *See* Docket 34 at 3–5.

[101] Docket 34 at 5–7; Docket 36 at 6–7.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 22 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 22 of 29

court has taken judicial notice.[102]  "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."[103]

While Plaintiff's withdrawn FAC directly referenced the June 30, 2025 letter, Plaintiff's original Complaint does not.[104]  And while the letter contains multiple references to GVEA's testing procedure, the Complaint does not contain the procedures themselves.[105]  In light of the fact that the Court is dismissing Count VI of the Complaint with leave to amend, the Court will not consider the June 30, 2025 letter at this time.

### b.    Count VI

The Court turns to IBEW's motion to dismiss the DFR claim.  IBEW asserts that Plaintiff's DFR claim fails to allege that IBEW either discriminated or acted in bad faith against Plaintiff when processing his grievance.[106]  According to IBEW, Plaintiff merely "claims that the Union acted arbitrarily because it either disagreed

---

[102] *Metzler Inv. GMBH*, 540 F.3d at 1061 (citing *Tellabs, Inc.*, 551 U.S. at 322).

[103] *Khoja*, 899 F.3d at 1002.

[104] Docket 2-1 (First Am. Compl.) at 55, ¶ 72; Docket 2-1 at 57, ¶ 91; Docket 2-1 at 59, ¶ 111; Docket 2-1 at 66, ¶ 152.

[105] *Compare* Docket 2-1 (Compl.) at 7–8, ¶¶ 9, 12, *with* Docket 28-2 at 2–3 (citing GVEA's Controlled Substance Alcohol Testing Procedure (AMP 5.3), AMP 3.16, AMP 3.3, AMP 8.2, AMP 9.2).

[106] Docket 28 at 10 (citing *Beck v. United Food and Commercial Workers Union, Local 99*, 506 F.3d 880, 874 (9th Cir. 2007)).  While IBEW and GVEA's claims are based on the FAC, the Court considers their arguments based on the original Complaint, when applicable.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 23 of 29

with or failed to pursue his legal arguments."[107]  Rather than stating a plausible DFR claim, IBEW asserts that Plaintiff's allegations "show that the Union thoroughly and appropriately considered his grievance before making its decision."[108]

"A union breaches its duty of fair representation when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'"[109]  "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation."[110]  "Mere negligence on the part of the union does not constitute a breach of the duty of fair representation."[111]  "[A] union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration."[112]

---

[107] Docket 28 at 11.

[108] Docket 28 at 13.

[109] *Beck*, 506 F.3d at 879 (quoting *Vaca,* 386 U.S. at 190); *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567 (1976) ("The union's breach of duty relieves the employee of an express or implied requirement that disputes be settled through contractual grievance procedures . . . [.]").

[110] *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998).

[111] *Slevira v. W. Sugar Co.*, 200 F.3d 1218, 1221 (9th Cir. 2000) (citing *Peters v. Burlington Northern R. Co.,* 931 F.2d 534, 539 (9th Cir. 1990)).

[112] *Vaca,* 386 U.S. at 192; *see also id.* at 193 ("[The plaintiff] could not have established a breach of that duty merely by convincing the jury that he was in fact fit for work in 1960; he must also have proved arbitrary or bad-faith conduct on the part of the Union in processing his grievance.").

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 24 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 24 of 29

Here, the Complaint alleges that IBEW witnessed GVEA's management admit that the Manual did not authorize observed collection such that IBEW was "unreasonable" in failing to pursue arbitration.[113]  And the Complaint asserts that IBEW breached its duty of fair representation when it failed to recognize that GVEA's finding was in bad faith and challenge that finding.  Yet nowhere does the Complaint describe any specific conduct by IBEW that was arbitrary, discriminatory, or in bad faith.[114]

The Court has considered the Complaint beyond just the seven paragraphs contained in Count VI.  Plaintiff alleges that he sought arbitration through IBEW, but IBEW declined to pursue arbitration on his behalf.[115]  According to the Complaint, IBEW refused to proceed with arbitration because GVEA's "false accusation" "of dishonesty damaged [Plaintiff's] credibility at the critical moment the IBEW evaluated his grievance."[116]  The Complaint does not clearly describe what documents were provided to Plaintiff at the termination hearing and why they support his position that neither GVEA's policy nor the DOT regulations authorized reasonable-suspicion based testing.  The Complaint also alleges that an IBEW

---

[113] Docket 2-1 at 21, ¶ 110.

[114] *See generally* Docket 2-1 (Compl.) at 6–22.

[115] Docket 2-1 at 10, ¶¶ 42–43.

[116] Docket 2-1 at 10, ¶ 44; *see also* Docket 2-1 at 10, ¶¶ 39–40.

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 25 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 25 of 29

representative attended the termination meeting.[117]  That representative may have been aware of whether Plaintiff was indeed dishonest about the content of the documents that were presented at that June 5, 2025 meeting, but the Complaint does not address or explain this point.[118]

IBEW asserts that Plaintiff's "original [C]omplaint contains far fewer allegations regarding the Union's conduct, most of which are conclusory statements" and thus "fails to state a claim for relief and should be dismissed."[119] The Court agrees with IBEW that Count VI of the original Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[120]  Notably, Plaintiff's Complaint does not append any communication from IBEW to Plaintiff regarding its decision not to pursue arbitration that might support (or defeat) a plausible claim of irrationality, bad faith, or arbitrariness by IBEW.

In sum, the allegations in Count VI of the original Complaint are conclusory statements that fail to state a viable DFR claim against IBEW.  Accordingly, IBEW's

---

[117] Docket 2-1 at 9, ¶ 31.

[118] Docket 2-1 at 10, ¶ 41; *see* Docket 2-1 at 10, ¶ 39.

[119] Docket 28 at 2 (footnote omitted).

[120] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 26 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 26 of 29

Motion to Dismiss at Docket 28 and GVEA's Joinder to IBEW's motion at Docket 32 are both **GRANTED** as to Count VI.[121]

### VII.      Leave to Amend

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"[122]  Here, the Court finds that Plaintiff might be able to cure the deficiencies in his Complaint as identified in this order.  If Plaintiff decides to file a Second Amended Complaint, the Court directs Plaintiff to the following passage in *Peterson v. Kennedy*, where the Ninth Circuit distinguished between negligent action by a union and arbitrary action that could rise to the level of a viable DFR claim:

> There are some significant general principles that emerge from our previous decisions. In all cases in which we found a breach of the duty of fair representation based on a union's arbitrary conduct, it is clear that the union failed to perform a procedural or ministerial act, that the act in question did not require the exercise of judgment and that there was no rational and proper basis for the union's conduct. For example, we found a union acted arbitrarily where it failed to: (1) disclose to an employee its decision not to submit her grievance to arbitration when the employee was attempting to determine whether to accept or reject a settlement offer from her employer; (2) file a timely grievance after it had decided that the grievance was meritorious and should be filed; (3) consider individually the grievances of particular employees where the factual and legal differences among them were significant; or (4)

---

[121] The Court need not address GVEA and IBEW's arguments as they relate to a possible hybrid § 301 claim, which Plaintiff first raised in Count I of the now-stricken FAC. *See* Docket 2-1 at 64.

[122] *DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co.*, 806 F.2d at 1401).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 27 of 29
Case 4:26-cv-00011-SLG     Document 40     Filed 08/07/26     Page 27 of 29

permit employees to explain the events which led to their discharge before deciding not to submit their grievances to arbitration.[123]

Although this order only considered Count VI of the original Complaint, leave to amend is permitted as to all counts of Plaintiff's Complaint. While Plaintiff is being given an opportunity to file a SAC, he must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint completely replaces the original complaint.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

1. Plaintiff's Request for Judicial Notice of State Court Docket Entry at Docket 35 is **GRANTED**;

2. Plaintiff's Motion to Withdraw First Amended Complaint at Docket 10 is **GRANTED;**

3. Plaintiff's Motion to Strike at Docket 14 is **GRANTED**. GVEA's Answer to Plaintiff's FAC at Docket 12 **is STRICKEN from the record**;[124]

---

[123] *Peterson,* 771 F.2d at 1254 (internal citations omitted).

[124] *See* District of Alaska Local Civil Rule 1.1(b)(8)(A).

4. Plaintiff's Motion to Remand at Docket 5 and Motion for Immediate Remand on Threshold Procedural Grounds at Docket 11, based on the operative original Complaint, are both **DENIED**;

5. Plaintiff's Motion for Protective Order at Docket 20 is **DENIED** as premature; and

6. IBEW's Motion to Dismiss for Failure to State a Claim at Docket 28 and GVEA's Joinder to IBEW's Motion to Dismiss for Failure to State a Claim at Docket 32 are both **GRANTED** as to Count VI of Plaintiff's original Complaint. Plaintiff's Complaint is **DISMISSED with leave to amend** as to all counts. Plaintiff may file a Second Amended Complaint ("SAC") **no later than thirty (30) days from the date of this order**. Failure to file a SAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations in Counts I through V against GVEA and Defendant Russell only. The Court will then dismiss Count VI for failure to state a claim and remand this action back to the state court. If Plaintiff files a SAC, Defendants shall file an Answer or otherwise respond to Plaintiff's SAC **no later than twenty-one (21) days after** Plaintiff files a SAC.[125]

DATED this 7th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[125] Fed. R. Civ. P. 12(a)(1).

Case No. 4:26-cv-00011-SLG, *Hughes v. Golden Valley Electric Association, Inc., et al.*
Order on Pending Motions
Page 29 of 29
Case 4:26-cv-00011-SLG    Document 40    Filed 08/07/26    Page 29 of 29